# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:08-cr-00082-MR-1
# CRIMINAL CASE NO. 1:09-cr-00055-MR-DLH-2
# CRIMINAL CASE NO. 1:09-cr-00058-MR-3

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| VINCENT LAMAR BOULWARE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's *pro se* motion to amend the order of restitution set forth in the Judgment. [Criminal Case No. 1:08-cr-00082-MR-1, Doc. 145; Criminal Case No. 1:09-cr-00055-MR-DLH-2, Doc. 37; Criminal Case No. 1:09-cr-00058-MR-DLH-3, Doc. 51].

The Defendant pleaded guilty to three counts of bank robbery and was sentenced to a total of 188 months' imprisonment. [See Criminal Case No. 1:08-cr-00082-MR, Doc. 97: Consolidated Judgment]. The Defendant was held to be jointly and severally liable with his two co-defendants for a total amount of $7,235.00 in restitution. [Id.]. The Judgment ordered that

payment of all criminal monetary penalties was "to begin immediately," with monthly payments of $50.00 to commence 60 days after release from imprisonment to a term of supervision. [Id. at 5].

The Defendant now moves for a modification of his restitution obligation. Specifically, he asks that the Court eliminate the requirement that restitution payments should begin immediately so that he can avoid placement in the Bureau of Prisons' Inmate Financial Responsibility Program (IFRP). The Defendant also argues that he should not be held liable for the full amount of restitution set forth in the Judgment and that the Court should instead "split" the restitution obligation equally between himself and his co-defendants. [Doc. 51 at 2].

The Court "cannot remit a mandatorily imposed restitution order." United States v. Roper, 462 F.3d 336, 339 (4th Cir. 2006); United States v. Wood, No. 5:05-CR-44-2BO, 2013 WL 1222685, at *1 (E.D.N.C. Mar. 25, 2013) ("District courts may relax the restitution payment schedule and may apportion restitution among co-defendants *at the time of sentencing*, but once judgment has been entered against the defendant the Court may not modify or cancel the total amount of restitution.") (emphasis added). Thus, the Court cannot modify the amount of restitution previously ordered.

To the extent that the Defendant requests a modification of the payment schedule, this request must be denied. The Court may adjust a defendant's payment schedule upon receipt of notification that there has been a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). No such "material change" has been identified here.

Finally, to the extent that the Defendant's motion can be construed as a request to defer or modify the restitution payments made through the IFRP, the Defendant's request also must be denied. Before seeking relief from any court regarding obligations under the IFRP, a defendant must exhaust all administrative remedies through the Bureau of Prisons. McGhee v. Clark, 166 F.3d 884, 887 (7th Cir. 1999). Once all administrative remedies have been exhausted, a defendant may challenge such payments only by filing the appropriate pleading in the district court located in the district of confinement, not the sentencing court. See Moore v. Olson, 368 F.3d 757, 759 (7th Cir. 2004); Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* motion to amend the order of restitution set forth in the Judgment [Criminal Case No. 1:08-cr-00082-MR-1, Doc. 145; Criminal Case No. 1:09-cr-00055-MR-DLH-

2, Doc. 37; Criminal Case No. 1:09-cr-00058-MR-DLH-3, Doc. 51] is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 17, 2016

Martin Reidinger
United States District Judge